| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-05715-CAS(JEMx) | Date | November 20, 2017 |
| Title | RICHARD G. PEOPLES v. ALLSTATE INSURANCE COMPANY ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Daniel Sheldon | | Thomas Proctor |

**Proceedings:** PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES OF UNILATERAL MISTAKE OF FACT AND FRAUD (dkt. 17, filed October 10, 2017)

## I. INTRODUCTION

On August 2, 2017, plaintiff Richard Peoples filed the complaint herein against defendants Allstate Insurance Company and Allstate Northbrook Indemnity Company (collectively, "Allstate"). Dkt. 1 ("Compl."). Plaintiff asserts a claim for breach of contract against Allstate. Id. The gravamen of plaintiff's complaint is that Allstate refused to honor a settlement agreement in which it voluntarily agreed to pay its policy limits of $250,000 for plaintiff's wrongful death claim following the death of his wife, Jeanette Peoples. On August 29, 2017, Allstate filed an answer to the Complaint. Dkt. 10 ("Answer").

On October 10, 2017, plaintiff filed a motion to strike Allstate's affirmative defenses of (1) unilateral mistake of fact and (2) fraud. Dkt. 17 ("Motion"). On October 30, 2017, Allstate filed its opposition. Dkt. 20 ("Opp'n"). On November 6, 2017, plaintiff filed his reply, dkt. 25 ("Reply"), and submitted objections to Allstate's opposition, dkt. 26.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | **'O'** |
| Case No. | 2:17-cv-05715-CAS(JEMx) | Date | November 20, 2017 |
| Title | RICHARD G. PEOPLES v. ALLSTATE INSURANCE COMPANY ET AL. | | |

Plaintiff is a resident of Santa Clarita, California. Compl. ¶ 2. Allstate Insurance Company is an Illinois corporation with its principal place of business in Northbrook, Illinois. Id. ¶ 3. Allstate Northbrook Indemnity Company is an Illinois corporation with its principal place of business in Northbrook, Illinois. Id. ¶ 4. Defendants are registered with the California Secretary of State. Id. Plaintiff asserts that subject matter jurisdiction is appropriate pursuant to 28. U.S.C. section 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Id. ¶ 1.

Plaintiff alleges that Allstate issued an automobile liability insurance policy to Janet Vartanians, bearing policy number 934059141, with policy limits of $250,000 per person (the "Policy"). Id. ¶ 6. The Policy provided automobile liability insurance coverage to Vartanians' 2014 Honda Accord automobile (the "Honda"). Id. The Policy was in full force and effect on March 7, 2016. Id. ¶ 7.

On March 7, 2016, Eric Heydari was operating the Honda with the permission and consent of Vartanians. Id. ¶ 8. Plaintiff alleges that Heydari negligently struck and killed Jeanette Ann Peoples, who was a pedestrian. Id. Jeanette Peoples was plaintiff's wife. Id.

Following the death of Jeanette Peoples, plaintiff alleges that he made a claim against Allstate. Id. ¶ 9. Allstate opened Claim Number 0404627440. Id. On May 25, 2016, Allstate's claims adjuster, Andy Weber, emailed plaintiff:

Dear Mr. Peoples:

This email shall serve as written confirmation that we are extending a $250,000 policy limits settlement offer in order to compensate you for the fatal injuries suffered by Jeanette Peoples. I will be sending out a release form for you to sign and return. We will need to protect any outstanding Medicare lien. I will also have a structured settlements broker contact you discuss (sic) structuring a portion of your settlement.

Please call me if you have any questions.

Andy Weber

Allstate Northbrook Indemnity Company

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-05715-CAS(JEMx) | Date | November 20, 2017 |
| Title | RICHARD G. PEOPLES v. ALLSTATE INSURANCE COMPANY ET AL. | | |

Id. ¶ 9 & Ex. 1. On June 2, 2016, plaintiff executed the release form that Allstate had sent, and returned it to Allstate. Id. ¶ 11. The release form stated in pertinent part:

> In consideration of the sum of **Two Hundred and Fifty Thousand Dollars and 00/100 ($250,000)**, for myself and for my heirs, personal representatives and assigns, I do hereby release and forever discharge **Janet Vartanians**, their heirs, representatives, and assigns, Allstate, its affiliates and its subsidiaries from any and all claims, demands, damages, costs, expenses, loss of services, actions, and causes of action whatsoever and any claims for pre- and post-judgment interest and any claims for attorney fees, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damages, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of or arising out of an accident on or about this the **7th** day of **March, 2016** at or near **CA.**

Id. ("Settlement Agreement") & Ex. 2 (Emphasis in original.) Plaintiff alleges that, despite the foregoing, Allstate refuses to pay plaintiff any money in furtherance of the Settlement Agreement.[1] Id. ¶ 13.

Plaintiff's breach of contract claim is premised on the allegedly valid Settlement Agreement between plaintiff and Allstate, which is in writing and was signed by plaintiff on June 2, 2016. Id. ¶ 15. Plaintiff alleges that the essential terms are set forth in the Settlement Agreement, and pursuant to those terms, Allstate is obligated to pay plaintiff the sum of $250,000. Id. Plaintiff further alleges that, on or about June 2, 2016, Allstate breached the Settlement Agreement by failing to pay plaintiff the sum due, without any justification or excuse. Id. ¶ 16.

---

[1] Allstate argues that the Settlement Agreement inadvertently excluded Jeanette Peoples' as-yet unidentified children. Opp'n at 3. Allstate intended the Settlement Agreement to resolve all potential claims of Jeanette Peoples' heirs. When Allstate later discovered the identities of her two sons and realized they were not named in the Settlement Agreement, Richard Peoples refused to agree to include the sons. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-05715-CAS(JEMx) | Date | November 20, 2017 |
| Title | RICHARD G. PEOPLES v. ALLSTATE INSURANCE COMPANY ET AL. | | |

## III. DISCUSSION

Under Rule 12(f), the Court may strike any material that is "redundant, immaterial, impertinent or scandalous." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks omitted), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, 984 F.2d at 1527. A motion to strike is a matter of the district court's discretion. Griffin v. Gomez, No. 98-cv-21038-JW, 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010). Because of "the limited importance of pleadings in federal practice," motions to strike are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Indeed, "[m]otions to strike are generally not granted unless it is clear that matter to be stricken could have no possible bearing on the subject matter of litigation." Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000) (quotation marks omitted). In determining a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party. See Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998).

Plaintiff requests that the Court strike Allstate's affirmative defenses of unilateral mistake of fact and fraud. He contends that the Court is empowered to strike affirmative defenses that are insufficient as a matter of law and insufficient as a matter of pleading, and that a motion to strike is appropriate if it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay or confusion of the issue." Id. (citing Sliger v. Prospect Mortg., LLC, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011)). Moreover, plaintiff argues, an affirmative defense is insufficient as a matter of law when it lacks merit under any set of facts that defendants might allege, and it is insufficient as a matter of pleading if it fails to give plaintiff fair notice. Id. (citing Dodson v. Strategic Restaurants Acquisition Co. II, LLC., 289 F.R.D. 595, 603 (E.D. Cal. 2013); Weintraub v. Law Office of Patenaude & Felix, APC, 299 F.R.D. 661, 664 (S.D. Cal. 2014).

With respect to Allstate's affirmative defense of fraud, plaintiff contends that the circumstances demonstrating fraud must be pleaded with particularity. Id. at 4. On this point, plaintiff argues that Allstate's affirmative defense for fraud is devoid of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-05715-CAS(JEMx) | Date | November 20, 2017 |
| Title | RICHARD G. PEOPLES v. ALLSTATE INSURANCE COMPANY ET AL. | | |

requisite facts. Id. With respect to Allstate's affirmative defense of unilateral mistake of fact, plaintiff similarly argues that Allstate fails to plead any facts that demonstrate unilateral mistake of fact. Id. at 6–7. In his reply plaintiff further contends that Allstate admits in its opposition, see Opp'n at 3, that Allstate was aware that Jeanette Peoples had children that survived her *before* it agreed to pay its full policy limits to plaintiff. Reply at 2. Accordingly, plaintiff argues, Allstate's affirmative defenses of fraud and unilateral mistake are a complete sham. Id.

In opposition, Allstate contends that plaintiff has not met his burden for a motion to strike affirmative defenses because he has not shown that (1) the defenses have no possible bearing on the subject matter of this litigation; (2) that under no set of circumstances can the defenses succeed; and (3) that Allstate's Answer does not give him "fair notice" of the defenses.[2] Opp'n at 1, 5.

The prevailing rule is that affirmative defenses need only give plaintiff fair notice of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). That rule has been called into question since the Supreme Court tightened the pleading standards in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Ear v. Empire Collection Auths., 2012 WL 3249514 at *1 (N.D. Cal. Aug. 7, 2012). The Ninth Circuit has yet to address the issue of whether the Twombly and Iqbal pleading standards extend to affirmative defenses. Helstern v. City of San Diego, No. 13-CV-0321-LAB-RBB, 2014 WL 294496, at *1 (S.D. Cal. Jan. 24, 2014). Absent clear authority from the Ninth Circuit compelling the extension, this Court will continue to follow Wyshak. Having reviewed the parties' submissions, the Court finds that Allstate's Answer provides plaintiff with fair notice of the grounds for the defenses asserted therein. See Vogel v. AutoZone Parts, Inc., 2013 WL 2395905. *1 (C.D. Cal. May 31, 2013); Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979). Accordingly, the Court declines to strike Allstate's defenses on this basis. To the extent that plaintiff thinks Allstate's affirmative defenses are factually or legally baseless, plaintiff's arguments are better resolved on a motion for summary judgment.

---

[2] Plaintiff objects to several portions of Allstate's Opposition on the basis that numerous references are to matters outside of the pleadings, and thus are not normally considered on a Rule 12(f) motion. The Court does not rely on any material outside of the pleadings in reaching its conclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:17-cv-05715-CAS(JEMx) | Date | November 20, 2017 |
|---|---|---|---|
| Title | RICHARD G. PEOPLES v. ALLSTATE INSURANCE COMPANY ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to strike affirmative defenses in its entirety.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |